UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Clifton Scott Campbell, | Case No. 24-cv-1788 (NEB/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

This matter comes before the Court on Petitioner Clifton Scott Campbell's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) and (2) response to the Court's Order to Show Cause received by the Court on July 3, 2024 (Doc. 7). The case has been referred to the undersigned United States magistrate judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the following reasons, the Court recommends denying certain grounds of the petition as procedurally defaulted, but will require (by separate Order) that Respondent provide its views on two other grounds.

## BACKGROUND

This matter started on May 15, 2024, when the Court received the petition. (*See* Docket.) On June 25, 2024, this Court issued an Order summarizing Mr. Campbell's state prosecution (for assault and burglary) and relevant proceedings, including a direct appeal

and a petition for postconviction relief. (*See* Doc. 6 at 1–3.[1]) In what follows, the Court will assume reader familiarity with that discussion. Turning to the petition, the Court stated that it understood Mr. Campbell to be raising three issues (Grounds 1, 2, and 3 respectively). (*See id.* at 3.) The Court characterized these issues as follows:

- First, Mr. Campbell claims that prosecutorial misconduct occurred at his trial because the prosecutor elicited testimony suggesting that a weapon was involved in the underlying incident, even though the trial court had previously ordered "that 'NO' testimony of any kind of weapon would be mentioned in court."

- Second, Mr. Campbell asserts that the trial-court judge gave him an "upward departure on the [basis] of a text message that was never proven at trial that [Mr. Campbell] sent."

- Third, Mr. Campbell argues that the trial court inappropriately "re-admitted" an unspecified "statement" by Mr. Campbell "to police [after a] previous judge had already excluded it."

(*Id.* (citations omitted).)

The Court then discussed the statutory exhaustion requirement for § 2254 matters, and stated the following about the petition:

It is a § 2254 petitioner's burden to show that he has exhausted his state-court remedies. At present, the Court cannot conclude that Mr. Campbell has met that burden here. From the discussion above, it seems that Mr. Campbell's direct appeal did present Ground 1, and that appeal did indeed go before Minnesota's appellate courts. But the Court does not see how Grounds 2 and 3 have been exhausted. Ground 2 does not seem to have been an issue in Mr. Campbell's direct appeal, and also does not seem to be part of his postconviction-relief petition. As for Ground 3, maybe it is related to the third ground in Mr. Campbell's direct appeal—the relationship-evidence issue—but as it stands the Court cannot tell.

---

[1] Citations to documents filed in this action use the page numbers assigned by the District's CM/ECF filing system.

(*Id.* at 5 (citations omitted).)

Given these potential failures to exhaust, the Court ordered Mr. Campbell "to show cause why the Court should not treat Grounds 2 and 3 of the Petition as unexhausted." (*Id.*) The Court's received Mr. Campbell's response on July 3, 2024. (*See* Docket.)

## ANALYSIS

### I. GROUND 2 OF MR. CAMPBELL'S PETITION HAS NOT BEEN EXHAUSTED BASED ON HIS FILINGS IN THIS HABEAS MATTER.

The Court starts with Mr. Campbell's discussion of Ground 2. Mr. Campbell asserts that he mentioned his argument about an inappropriate upward sentencing departure in his postconviction-relief petition. (*See* Doc. 7 at 1.) He also states that he mentioned the issue during his sentencing. (*See id.*)

Neither point establishes Ground 2's exhaustion. To the extent that Mr. Campbell mentions Ground 2 in his postconviction-relief petition, the Court notes that Mr. Campbell still appears to be trying to appeal the trial court's denial of that petition. (*See* Doc. 6 at 2–3.) But there is no indication that this appeal has gone before the Minnesota Court of Appeals or the Minnesota Supreme Court. As the Court's June 2024 Order notes, exhaustion of habeas claims about Minnesota convictions requires a petitioner to present his claims to both courts. (*See id.* at 4–5 (quoting *Fisherman v. Minnesota*, No. 21-cv-735 (NEB/JFD), 2021 WL 7161829, at *4 (D. Minn. Nov. 15, 2021) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)), *R. & R. adopted*, 2022 WL 542451 (D. Minn. Feb. 23, 2022)).) So

3

Ground 2's discussion in Mr. Campbell's postconviction-relief petition does not make Ground 2 exhausted.[2]

As for Mr. Campbell's claim that he raised Ground 2 at his sentencing hearing, this too is not enough to exhaust an argument for § 2254 purposes. Such exhaustion requires not simply stating an argument during trial-court interactions; one must bring the argument to the appropriate appellate courts.

As a result, Petitioner's response to the Court's Order to Show Cause fails to show that Mr. Campbell has exhausted the petition's Ground 2.

## II. GROUND 3 OF MR. CAMPBELL'S PETITION HAS NOT BEEN EXHAUSTED BASED ON HIS FILINGS IN THIS HABEAS MATTER, ALTHOUGH HIS RESPONSE TO THE COURT'S ORDER INTRODUCES A FOURTH GROUND THAT HE MAY HAVE EXHAUSTED.

The Court next turns to Ground 3. Mr. Campbell's response to the Court's Order asserts that Ground 3 "is related to the third ground in [Mr. Campbell's] direct appeal." (Doc. 7 at 1.) The idea here is presumably that Ground 3's implicit presence in the direct appeal means that the argument is exhausted.

---

[2] The status of Mr. Campbell's postconviction-relief petition is unclear. The trial-court docket shows that on February 14, 2014, Mr. Campbell filed a notice of appeal concerning the petition's denial. A line item dated March 5, 2024, states that Mr. Campbell may have tried to apply for a public defender, presumably to aid with this appeal. (*See* Reg. of Actions, *State v. Campbell*, No. 69DU-cr-21-2164 (Minn. Dist. Ct.).) Three days later, staff with Minnesota's Sixth Judicial District filed a letter indicating that Mr. Campbell's needed to submit his request to "the Minnesota Board of Public Defense." (*See* Ltr. 1, *State v. Campbell*, No. 69DU-cr-21-2164 (Minn. Dist. Ct. Mar. 8, 2024).) No later entries appear in the trial-court docket. Furthermore, Minnesota's online appellate-court records do not indicate any 2024 appeals filed by Mr. Campbell. The Court will not offer Mr. Campbell any advice about these facts, but will note that he may need to take further action if the appeal of his postconviction-relief petition's denial is to proceed.

But the petition's Ground 3 does not actually match up with Mr. Campbell's third direct-appeal ground. The Minnesota Court of Appeals described that direct-appeal argument as a claim that "the district court admitted nine unauthenticated letters as relationship evidence." *State v. Campbell*, No. A22-1473, 2023 WL 5341105, at *1; *see also id.* at *3 (presenting Court of Appeals's discussion of issue). The letters at issue were alleged communications by Mr. Campbell with a victim. The petition's Ground 3, on the other hand, concerns a statement that Mr. Campbell made *to the police*. (*See* Doc. 1 at 7 ("The court re-admitted my statement *to police* when the previous judge had already excluded it." (emphasis added)); *id.* at 8 ("Court admitted my *police statement* when the Court had already excluded it." (same)). The petition's Ground 3, then, did not appear in Mr. Campbell's direct appeal.

Two implications follow from this discussion. First, Mr. Campbell's response to the Court's Order does not establish Ground 3's exhaustion. Second, a liberal reading of his response suggests that Mr. Campbell wants the petition to have a fourth ground: a challenge to the trial court's decision to admit the relationship-evidence letters.[3] Going forward, the Court will refer to this challenge as the petition's Ground 4. As noted above, this issue was indeed part of Mr. Campbell's direct appeal, so it is at least potentially exhausted.

---

[3] The Court notes here its obligation to construe *pro se* filings liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Rivera v. Bank of Am., N.A.*, 993 F.3d 1046, 1049 (8th Cir. 2021) (citing *Ericksen*).

Following this discussion, the state of play is that the petition contains two arguments—Grounds 1 and 4—that may be exhausted,[4] and two others—Grounds 2 and 3—that definitely are not.

### III.   GROUNDS 2 AND 3 ARE PROCEDURALLY DEFAULTED AND SHOULD BE DENIED.

Petitions that contain both exhausted and unexhausted arguments are called "mixed" petitions. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 221 (2007); *White v. Dingle*, 616 F.3d 844, 846 (8th Cir. 2010). Given § 2254(b)'s exhaustion requirement, federal district courts "may not adjudicate mixed petitions." *Rhines v. Weber*, 544 U.S. 269, 273 (2005); *see also, e.g.*, *White*, 616 F.3d at 846–47.

But before this Court can call Mr. Campbell's petition "mixed," it must first address "procedural default," which the U.S. Supreme Court considers "an important corollary to the exhaustion requirement." *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (quoting *Davila v. Davis*, 582 U.S. 521, 527 (2017) (cleaned up)). Under the procedural-default doctrine, "federal courts generally decline to hear any federal claim that was not presented to the state courts consistent with the State's own procedural rules." *Id.* (quoting *Edwards v.*

---

[4] The Court concludes these grounds "*may* be exhausted" because proper presentation of an issue to a state's appellate courts for exhaustion purposes requires that a petitioner sufficiently explain the factual and legal predicates of his argument in his state appellate filings. *See, e.g.*, *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (discussing fair-presentment requirement (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161–62 (8th Cir. 1999) (en banc)). Mr. Campbell's appellate briefs are not in this action's record (but should be once the State responds). The Court's discussion of exhaustion here is thus without prejudice to future State arguments that, given the contents of Mr. Campbell's state appellate filings, Grounds 1 and 4 are actually unexhausted as well.

*Carpenter*, 529 U.S. 446, 453 (2000) (cleaned up)); *see also, e.g.*, *McLaughlin v. Precythe*, 9 F.4th 819, 833 (8th Cir. 2021) (making same point and citing cases).[5]

Grounds 2 and 3 both appear to have been procedurally defaulted. Key here is Minnesota's so-called *Knaffla* rule: "Under Minnesota law, where a defendant took a direct appeal, 'all claims raised in the direct appeal as well as "all claims known but not raised" at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief.'" *Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011) (quoting *State v. Knaffla*, 309 Minn. 246 (1976)); *see also, e.g.*, *Gilbert v. State*, 2 N.W.3d 483, 487 (Minn. 2024) (reiterating *Knaffla* rule). As already discussed, Grounds 2 and 3 were not raised Campbell's direct appeal.

A claim is "known but not raised" under *Knaffla* when it is a claim "'that the appellant *should have known* of at the time of the appeal.'" *Zumberge v. State*, 937 N.W.2d 406, 411 (Minn. 2019) (quoting *McKenzie v. State*, 687 N.W.2d 902, 905 (Minn. 2004)

---

[5] Courts may address procedural-default issues *sua sponte*. *See, e.g.*, *Bell v. Norris*, 586 F.3d 624, 633 (8th Cir. 2009) (citing cases); *Jackson v. Symmes*, No. 9-cv-2946 (SRN/JSM), 2011 WL 1300930, at *11 n.6 (D. Minn. Jan. 18, 2011), *R. & R. adopted*, 2011 WL 1256617 (D. Minn. Apr. 4, 2011). To be sure, when a court addresses issues *sua sponte*—including procedural default—it must give the affected party notice and a chance to respond. *See, e.g.*, *Jackson*, 2011 WL 1300930, at *11 n.6 (citing cases). Mr. Campbell arguably has not had notice that the Court might consider procedural default with respect to his petition's arguments. But this District's courts have indicated that when a court addresses procedural-default issues *sua sponte* in a report and recommendation, the needed notice and opportunity to be heard is satisfied by a petitioner's ability to object to the report and recommendation. *See id.* (citing cases); *see also, e.g.*, *McDonald v. Titus*, No. 18-cv-3099 (PJS/TNL), 2019 WL 5790845, at *7 (D. Minn. May 30, 2019) (citing cases, including *Jackson*), *R. & R. adopted*, 2019 WL 5783727 (D. Minn. Nov. 6, 2019). Mr. Campbell should keep this in mind in preparing any objections to this Report and Recommendation (including any objections targeting the Court's procedural-default conclusions and the discussion in note 6 below).

(emphasis added)); *see also, e.g.*, *Anderson v. Minnesota*, No. 22-cv-3005 (NEB/DJF), 2023 WL 4907797, at *4 (D. Minn. June 28, 2023) (making same point (citing *Anderson v. State*, 830 N.W.2d 1, 8 (Minn. 2013))), *R. & R. adopted*, 2023 WL 4899832 (D. Minn. Aug. 1, 2023). Recall that Ground 2 claims that the sentencing judge gave Mr. Campbell an upward departure after inappropriately considering a text message; Ground 3 claims that the trial court improperly admitted a statement that Mr. Campbell gave to the police. As described, both issues should have been readily apparent at the time of Mr. Campbell's direct appeal. Whatever is happening with Mr. Campbell's postconviction-relief petition, then, Grounds 2 and 3 are *Knaffla*-barred, and so procedurally defaulted.

Because Grounds 2 and 3 are procedurally defaulted, this Court cannot review them—and they are not "unexhausted" for purposes of determining whether a petition is mixed. *See, e.g.*, *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (citing cases); *Delaney v. Pugh*, No. 23-cv-1942 (PAM/DTS), 2024 WL 2234993, at *4 (D. Minn. Apr. 23, 2024) ("When a petitioner has not exhausted a claim and state procedural rules preclude further attempts to present the claim, that claim is not unexhausted but rather is procedurally defaulted."), *R. & R. adopted*, 2024 WL 2207565 (D. Minn. May 15, 2024). The Court therefore recommends denying the petition with respect to Grounds 2 and 3.[6]

---

[6] To be sure, a petitioner's procedural default can be excused if he shows either (1) that there was cause for the default and that the default caused prejudice; or (2) that failure to excuse the default would cause a "fundamental miscarriage of justice." *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Hartman v. Payne*, 8 F.4th 733, 736 & n.2 (8th Cir. 2021) (citing *Coleman*); *cf. Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) (noting that in cause-and-prejudice test, petitioner must establish both prongs, such that court need not consider prejudice if petitioner fails to establish cause). There is little reason to believe either exception applies here.

8

What remains of the petition, then, is Grounds 1 and 4. By separate Order, the Court will order Respondent to provide a response on those grounds.

## RECOMMENDATION

Based on all the files, records, and proceedings above, **IT IS RECOMMENDED THAT** Grounds 2 and 3 of Clifton Scott Campbell's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) be **DENIED**.

Date: August 5, 2024

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

---

A petitioner shows cause for a procedural default by showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also, e.g.*, *Dansby v. Payne*, 47 F.4th 647, 659 (8th Cir. 2022) (quoting *Murray*). Nothing in the record suggests any such factor prevented Mr. Coleman from raising Grounds 2 and 3 on direct appeal. The miscarriage-of-justice exception applies (as relevant here) in the "extraordinary case . . . where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also, e.g.*, *Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010) (quoting *Murray*). For an actual-innocence claim "[t]o be credible, . . . [a] petitioner [must] support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also, e.g.*, *Kidd v. Norman*, 651 F.3d 947, 952 (8th Cir. 2011) (quoting *Schlup*). Nothing in Mr. Campbell's filings suggests that any such "new reliable evidence" exists here. As a result, the miscarriage-of-justice exception also does not let Mr. Campbell avoid his procedural default of Grounds 2 and 3.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).