UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CLIFTON SCOTT CAMPBELL,            Case No. 24-cv-1788 (NEB/DLM)

Petitioner,

v.           ORDER ACCEPTING REPORT AND RECOMMENDATION

STATE OF MINNESOTA,

Respondent.

Clifton Scott Campbell petitioned this Court for a writ of habeas corpus under 28 U.S.C. Section 2254, asserting four grounds on which he claims he is being held in violation of the Constitution. (ECF No. 1.) In a Report and Recommendation, United States Magistrate Judge Douglas L. Micko recommends denying Grounds 2 and 3 of Campbell's petition because they are procedurally defaulted. (ECF No. 8 ("R&R").) Campbell filed an objection to the R&R. (ECF No. 15.) Because Campbell objects, the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Campbell proceeds *pro se*, so the Court construes his objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court has undertaken a *de novo* review and concludes that the analysis and conclusions in the R&R are correct.

"[A] federal court may not review federal claims that were procedurally defaulted in state court." *Davila v. Davis*, 582 U.S. 521, 527 (2017). "Under Minnesota law, where a

defendant took a direct appeal, 'all claims raised in the direct appeal as well as "all claims known but not raised" at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief.'" *Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011) (citing, among others, *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)).

Grounds 2 and 3 were not raised as part of Campbell's direct appeal. Campbell claims that he mentioned Grounds 2 and 3 in letters he wrote to his counsel about his direct appeal, but appellate counsel did not include them. (ECF No. 15 at 2.) Because these claims were "known but not raised" at the time of Campbell's direct appeal, Grounds 2 and 3 are procedurally defaulted unless an exception applies. *Knaffla*, 243 N.W.2d at 741.

A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show "cause" to excuse his failure to comply with the state procedural rule and "actual prejudice resulting from the alleged constitutional violation." *Davila*, 582 U.S. at 528 (citation omitted). Campbell argues that the Court should excuse the procedural default of Grounds 2 and 3 because of the ineffective assistance of his appellate counsel. (ECF No. 15 at 1–2.)

*Cause.* Grounds 2 and 3 were available to appellate counsel, and "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." *Thoresen v. Wheeler*, No. 21-CV-2459 (JRT/ECW), 2023 WL 4927284, at *7 (D. Minn. Aug. 2, 2023) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Moreover, in Minnesota, claims of

2

effective assistance of appellate counsel "are procedurally barred unless they are raised in the first post-conviction proceeding." *Id.* at *5 (applying Minnesota law); *see Townsend v. State*, 723 N.W.2d 14, 19 (Minn. 2006) ("[A] defendant who wishes to raise an ineffective assistance of appellate counsel claim need not do so in the very appeal where counsel is representing the defendant, but instead may raise that claim in the next postconviction petition.").

Campbell failed to raise his ineffective-assistance-of-appellate-counsel claim in his direct appeal or petition for postconviction relief, (*see* ECF No. 18-33), and he offers no cause excusing his failure to do so.[1] *See Davila*, 582 U.S. at 529 (declining to allow a federal court to hear a procedurally defaulted ineffective-assistance-of-appellate-counsel claim where the claim was not raised in postconviction proceedings).

*Prejudice*. Nor did Campbell show actual prejudice resulting from the alleged constitutional violation. Counsel need not raise every potential issue on appeal. Courts have long recognized the "importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (citation omitted). "Absent contrary evidence," courts "assume that appellate counsel's failure to assert an issue was an exercise of 'sound appellate strategy.'" *Id.* (citation omitted). To show that actual

---

[1] Nor did Campbell raise an ineffective-assistance-of-appellate-counsel claim in his habeas petition. (*See* ECF No. 1.)

3

prejudice resulted when counsel declined to raise a claim on appeal, Campbell must assert the claims not raised were "plainly stronger" than the claims presented. *Davila*, 582 U.S. at 533. Campbell has not shown that Grounds 2 and 3 were plainly stronger claims than the claims presented on appeal so has not made an adequate showing of prejudice. Campbell's claim of ineffective assistance of appellate counsel does not excuse the procedural default of Grounds 2 and 3.[2]

For the foregoing reasons and based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. Campbell's Objection (ECF No. 15) is OVERRULED;

2. The Report and Recommendation (ECF No. 8) is ACCEPTED; and

3. Grounds 2 and 3 of Campbell's Petition for Writ of Habeas Corpus (ECF No. 1) are DENIED.

Dated: October 29, 2024                    BY THE COURT:

                                           s/Nancy E. Brasel
                                           Nancy E. Brasel
                                           United States District Judge

---

[2] Campbell does not argue, and has not shown, that a failure to consider Grounds 2 and 3 would result in a fundamental miscarriage of justice. To fall within the fundamental-miscarriage-of-justice exception, "a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). Campbell does not provide new evidence proving his actual innocence.

4